IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| CALIP JOSEPH FARMER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0263 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner CALIP JOSEPH FARMER, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for attempted burglary of a habitation in Cause No. 23,104-C out of the 251st Judicial District Court of Randall County, Texas. For the reasons set out hereafter, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2012, petitioner was convicted by a jury of attempted burglary of a habitation and was sentenced to thirty-seven years confinement.[1] The Seventh Court of Appeals of Texas

---

[1]Petitioner was originally indicted for burglary of a habitation, enhanced. At trial the defense moved for and was granted a directed verdict in petitioner's favor on the burglary of a habitation charge. The trial court then instructed the jury on the lesser included offense of attempted burglary of a habitation. It was on this charge he was ultimately convicted.

affirmed the judgment of the trial court. *Farmer v. State*, No. 07-12-00394-CR, 2013 WL 6529229, *3 (Tex. App.–Amarillo 2013, pet. ref'd). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review (PDR) on April 2, 2014. *Farmer v. State*, No. PD-0212-14 (Tex. Crim. App. 2014). Petitioner sought collateral review of his Randall County conviction by filing a state habeas corpus petition and on October 1, 2014, the Texas Court of Criminal Appeals denied petitioner's application without written order. *In re Farmer*, No. 64,348-02. Petitioner FARMER filed the current action on December 22, 2014.

The events of the underlying criminal case began on January 4, 2012. Ms. Victoria Hagins, at home alone with her children, heard her door bell ring, but upon looking outside, determined she did not know the man at the door and declined to answer. Several minutes later Ms. Hagins heard the glass in the back door window break. Frightened, she gathered her children, ran out the front door to a neighbor's house where she contacted the Amarillo Police Department. Police responded, found petitioner in the area and detained him. This series of events led to the burglary charge against petitioner. Respondent has adequately incorporated the Statement of Facts taken from the State's Brief on appeal to the Seventh Court of Appeals and the Court finds it unnecessary to restate those facts here. [*Respondent's Answer*, Dkt. 17 at 4-7 citing Dkt. 11-10 at 9-15].

II.
PETITIONER'S ALLEGATIONS

The Court understands Petitioner's claims to be:

1.    The evidence was insufficient to prove intent and support the conviction;

2.    The Jury Charge contained an error;

3.    The evidence was insufficient to "establish prejudice" and support the conviction; and

4.      The evidence was insufficient to prove intent and support the conviction.[2]

## III.
## STANDARD OF REVIEW

In his answer, respondent fully and accurately sets out the applicable legal doctrines,

statutory authority, and case law regarding the standard of review this Court must utilize including

the required presumptions this Court must make in its review.  [*Respondent's Answer*, Dkt. 17 at 8-

11].  These standards and supporting authority apply to this case and need not be repeated.

## IV.
## MERITS OF PETITIONER'S ALLEGATIONS

### A.  Sufficiency of the Evidence

In his first, third and fourth grounds, petitioner contends the evidence was legally and

factually insufficient in that:

1.      Weight of the evidence - At the time of trial the State failed to establish any evidence
        supporting the crime of attempted burglary or intent to commit a burglary;

2.      ...

3.      To establish prejudice - after finding no evidence of theft, the prosecution only
        established petitioner was at the victim's front door but the evidence never placed
        petitioner nor his truck at the back of the victim's home;

4.      There was no showing of attempted theft or intent of theft - no facts were presented
        showing petitioner prepared or committed the theft offense and failed to show intent.

[*Petitioner's Habeas Application*, Dkt. 3 at 6-7].

Petitioner's sufficiency of the evidence claims are procedurally barred for failure to raise

---

[2]Petitioner's Claims 1, 3 and 4 are all challenges to the sufficiency of the evidence and will be addressed together.

them on direct appeal and in his PDR. *Ex parte Grigsby*, 137 S.W.3d 673, 674

(Tex.Crim.App.2004). While petitioner did raise a claim of legal insufficiency of the evidence in

his state habeas corpus application, respondent argues a claim of insufficient evidence is not

cognizable on state habeas. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). When

the Texas Court of Criminal Appeals denies a state habeas corpus application in which a sufficiency

of the evidence claim is raised, the state court's denial is based on a state procedural ground because

the claim is not cognizable on habeas corpus. *Register v. Thaler*, 681 F.3d 623, 626 n.8, 628 (5th

Cir. 2012). Regardless, the evidence presented at petitioner's trial was sufficient to support his

conviction.

      For purposes of federal habeas corpus review, a state conviction need only satisfy the legal

sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

(1979). To determine the legal sufficiency of the evidence, a federal court must consider whether,

viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact

could have found the existence of facts necessary to establish the essential elements of the offense

beyond a reasonable doubt." *Id.* at 318-19, 99 S.Ct. at 2789. In making this determination, the

reviewing court must resolve all credibility choices and conflicting inferences in favor of the fact

finder. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822, 121

S.Ct. 65, 148 L.Ed.2d 31 (2000). It is the fact-finder's responsibility alone "to fairly resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts

to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The reviewing court must determine

if the evidence is constitutionally sufficient to support the conviction, *i.e.*, whether the evidence

satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v.*

*Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

It is the sole province of the jury as the finder of fact to assess the credibility of the witnesses and to choose among reasonable constructions of the evidence. *See United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995). On federal habeas review, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985). Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993).

Petitioner was tried before a jury for the offense of burglary of a habitation. A person commits the offense of burglary of a habitation, "if, without the effective consent of the owner, the person...*enters a building or habitation* and commits or attempts to commit a felony, theft, or an assault." Tex. Penal Code § 30.02 (2011)(Emphasis added). After the State's evidence was presented, defense counsel moved for a directed verdict on burglary because, "There has been no evidence of 'therein' - - which would have to infer inside the house...the State has not proved that element..." [Dkt. 11-7 at 230]. While the trial court granted the motion for directed verdict on the burglary charge, the court submitted a jury charge on the offense of attempted burglary.[3] A person commits the offense of attempted burglary if, "with specific intent to commit an offense [burglary of

---

[3]Although the trial court granted the motion for directed verdict it did so, "...based on the fact that there was no evidence of any type of theft." [Dkt. 11-7 at 232.]. Since defendant's motion appeared to rely on the lack of evidence as to entry, it is not clear whether the trial court misstated which element the State failed to prove from the burglary charge. As discussed later in this Report and Recommendation, the language of the indictment may have required the State to prove "actual theft" rather than "intent to commit theft" in which case the trial court's comment would not have been a misstatement. This error, if there was one, does not impact the outcome of this federal case (see subparagraph B below).

a habitation], he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense [burglary of a habitation] intended. *Id.* at § 15.01. [Dkt. 11-7 at 234-235].

During the trial of this case, multiple witnesses testified, including the victim and six police officers. The victim testified petitioner approached her front door and rang the bell four times, that when she looked out the "eye spy," *i.e.* peephole, she did not recognize the man and refused to answer the door, that she moved to a window where she had a better view of the man and the truck he was driving as he left, and that after returning to her kitchen she heard glass breaking a few minutes later and she and her children fled out the front door for help. [Dkt. 11-7 at 37 - 40]. Ms. Hagins also testified that while outside she heard a truck engine coming from the back of her house and was able to see the back part of the same truck leaving the scene. [*Id.* at 46-47]. Ms. Hagins testified she positively identified petitioner, who had been returned to the scene by the police, as the man who was previously at her house. [*Id.* at 49-50].

Amarillo Police Department (APD) officer Trey Hart testified that he and his partner, APD officer Jason Smotherman, stopped a vehicle matching the description of the vehicle seen at Mrs. Hagins's house and encountered petitioner driving the truck. [Dkt. 11-7 at 86-87]. Officer Hart testified he saw suspicious tools in the truck akin to burglary tools including a flashlight and gloves. [*Id.* at 90-91]. Officer Hart testified he saw a gas can in the truck similar to what the victim had reported to APD. [*Id.* at 91-92]. The officer testified it was his opinion that the truck had recently struck something evidenced by damage to the left rear of the truck. [*Id.* at 106-107]. APD Officer Susan Goodson, who arrived at the scene shortly after the truck had been stopped, testified she was the officer responsible for securing and taking inventory of the truck. [*Id.* at 114]. During the

inventory officer Goodson testified she found a handpick or pick ax (which appeared to be recently used as it had fresh scrapings), pliers, a wrench, a flashlight, and some gloves among other things. [*Id.* at 115-116]. She testified there was a handsaw and that in her opinion these tools, in combination, she considered to be burglary tools. [*Id.* at 117]. Officer Goodson testified she found damage on the truck's back left-hand corner which she believed to be recent. [*Id.* at 119]. The officer stated she saw oil dripping from the bottom of the vehicle and that she bent down and watched the oil drip. [*Id.* at 121]. APD officer Jay Puckett testified he was sent to the scene of the crime where he witnessed broken glass from the back door window which had been shattered. [*Id.* at 164]. Officer Puckett testified that while speaking with the victim he received a text message with a picture of petitioner's truck, that he showed the picture to the victim, and that the victim positively identified the truck as the one she had seen in front of her house earlier. [*Id.* at 164-166]. Officer Brian Jackson testified he worked the scene of the crime by taking multiple pictures [*Id.* at 184], that he witnessed "fresh damage" to the fence locking latch lever matching the pick ax retrieved from petitioner's truck [*Id.* at 189], and that he witnessed fresh oil spills by the victim's gate [*Id.* at 191]. Officer Brent Harlan testified APD officers were not able to compare the oil from the suspect vehicle with the oil by the fence according to their CSI department. [*Id.* at 222].

Numerous pictures were admitted into evidence as exhibits of the crime scene including pictures of the tools, the gloves, the truck, the gas can in the truck, the damaged fence, and the oil. The defense was able to cross-examine each witness. The jury judged the credibility of the testimony and evidence, evaluated the demeanor of the witnesses, and decided how much weight should be given to their testimony. The jury acted within its proper scope in drawing reasonable inferences from the evidence and resolving any conflicts in the evidence against petitioner.

Petitioner has failed to show the evidence was not sufficient. It appears petitioner is simply attempting to have this court second-guess the jury's credibility choices, implicit factual findings, and resolution of conflicts in the evidence. Giving due deference to the jury's determination as this court should, the undersigned finds petitioner's claim of insufficiency of the evidence is without merit.

### B. Jury Instruction

In his second ground, petitioner FARMER alleges that the jury instruction erroneously included the language of "[attempt] to commit and committed theft." [*Petitioner's Application*, Dkt. 3 at 6]. Petitioner argues that "if the trial court could make a finding of attempted theft as alleged in the indictment, the case could have proceeded to the jury as indicted." [*Id.*]. The Court considers petitioner to argue the trial court erred by allowing the lesser included offense of attempted burglary to be presented to the jury once the indicted offense of burglary was dismissed by directed verdict. More specifically, petitioner argues that the State's failure to prove the elements of a burglary entitled him, upon the grant of directed verdict, to be acquitted of all charges, including attempted burglary. But for the actual language of the indictment issued in petitioner's underlying criminal case, he might have a valid argument. As argued by the State on direct appeal, the indictment charged petitioner with all the constituent elements of burglary of a habitation *and in addition*, alleged petitioner attempted to commit theft *and committed theft*. [Dkt. 11-10 at 14-15, emphasis added]. Put another way, the State argued it over-indicted petitioner and to succeed on the burglary charge it would have had to prove that an actual theft occurred and not use attempted theft or intent to commit theft. Failure to prove the completed act, in this case, did not negate the attempt to complete the theft and therefore the charge to the jury on attempted burglary was proper.

The inclusion of a lesser included offense instruction concerns an interpretation of state statutory law.  This federal habeas corpus court is to consider only matters of federal constitutional rights and/or breaches and is precluded from addressing matters of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) ("federal habeas corpus relief does not lie for errors of state law," a claim that state law has been violated is generally not cognizable on federal habeas).

Although not necessary to the resolution of this federal case, the undersigned has reviewed the trial transcript as well as the state appellate court opinion and the briefs submitted in that appeal. The state appellate court evaluated petitioner's claim and determined it to be without merit.  That court held,

> Appellant is mistaken in suggesting that the trial court granted the instructed verdict upon finding that he committed neither an actual or attempted theft. No such ubiquitous finding was made. Instead, the trial court said it was ". . . going to grant the instructed verdict on burglary based on the fact that there was no evidence of any type of *theft*." (Emphasis added.) In other words, the trial court found that appellant did not commit theft. It said nothing about the absence of evidence regarding any type of "attempted theft," as also alleged in the indictment.

*Farmer v. State*, No. 07-12-00394-CR, 2013 WL 6529229, *5 (Tex. App.–Amarillo 2013, pet. ref'd).  The Court is of the opinion that one of two things occurred.

One, the trial court simply misspoke when it granted the defense motion for directed verdict based upon no evidence of theft because the motion presented by defense counsel was based upon the lack of evidence of entry.  Under the burglary statute, an entry, without an actual theft but in an attempt to commit a theft is still a burglary.  If there had been an entry the motion for directed verdict could not have been successful based only upon lack of an actual theft.

The second scenario was that the state over-indicted petitioner.  By including an additional

element in the indictment, *i.e.* the requirement of an actual theft, the state was required to prove a completed theft, a condition not required in the burglary statute. When the trial judge granted the directed verdict based upon a lack of evidence of a theft, she did not foreclose the lesser included offense of attempted theft.

In either case, however, petitioner has still failed to meet his burden to overcome the state court finding and his claim should be denied. Moreover, the Texas Court of Criminal Appeals refused to grant a petition for discretionary review on this argument. *See Farmer v. State*, No.PD-0212-14 (Tex. Crim. App. 2014). When petitioner raised this argument in his state application for habeas corpus relief, the Texas Court of Criminal Appeals denied review, which constitutes a ruling on the merits. *See Barrientes*, 221 F.3d at 780. All state courts reviewing this issue have determined petitioner's claim lacks merit. This Court defers to the state court's interpretation of Texas law on whether a lesser-included-offense instruction was improper.

The burden to establish that an erroneous instruction rendered the state court judgment unconstitutionally infirm is even greater than the burden to establish plain error on direct appeal. [*Respondent's Answer*, Dkt. 17 at 18 citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)]. The Seventh Court of Appeals found the indictment charging burglary provided proper notice for the inclusion of the attempt charge in the jury charge. Respondent has set out the full portion of the opinion and the Court, as set out above, defers to that opinion on this issue. [*Respondent's Answer*, Dkt. 17 at 19-20]. Petitioner has failed to overcome the bar on relitigation imposed by AEDPA, *i.e.* he has failed to show the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner's claim should be denied.

V.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner DILLON WADE THOMPSON should be DENIED.


VI.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this *27th* day of September 2017.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).